UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| TANJA GAVRILOVIC,            ) | |
|           ) | |
|   *Plaintiff*        ) | |
|           ) | |
| v.            ) | Docket No. 05-38-P-H |
|           ) | |
| WORLDWIDE LANGUAGE  ) | |
| RESOURCES, INC.,         ) | |
|           ) | |
|   *Defendant*       ) | |

### RECOMMENDED DECISION ON MOTION TO REMAND

The plaintiff, Tanja Gavrilovic, moves to remand this case to the Maine Superior Court (Cumberland County), from which it was removed by the defendant. I recommend that the court deny the motion.

The plaintiff contends that a contract between the parties to this action includes a forum selection clause that can only be enforced by remanding this action to the state court. Plaintiff Tanja Gavrilovic's Motion for Remand, etc., ("Motion") (Docket No. 6) at 1. That clause provides, in relevant part:

> **Governing Law**. This Agreement shall be construed and enforced in accordance with the laws of the State of Maine. This Agreement shall be enforceable in the Maine Superior Court in the County of Cumberland.

Worldwide Language Resources, Inc. Independent Subcontractor Agreement Dec 01, 2002 (Exh. A to Complaint (filed with Notice of Removal, Docket No. 1)) ¶ 20. There are two basic problems with the plaintiff's argument. First, the clause by itself does not require that the agreement be enforced in the Maine Superior Court; it only states that the agreement is enforceable in that court. Second, none

1

of the claims in the plaintiff's complaint seek enforcement of the agreement. Even if the clause provided that the agreement would be enforceable *only* in the Maine Superior Court, therefore, it would not be applicable to the claims raised by the plaintiff in this action.

An agreement which is enforceable in a given court is not thereby unenforceable in any other court that might otherwise also have jurisdiction. *See Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 957 (5th Cir. 1974) (provision stating that agreement "shall be construed and enforceable according to the law of the State of New York" is permissive, not mandatory); *see also Hunt Wesson Foods, Inc. v. Supreme Oil Co.*, 817 F.2d 75, 77 (9th Cir. 1987) (lack of explicit statement that state court has exclusive jurisdiction means that forum selection clause is permissive, not mandatory); *Wai v. Rainbow Holdings*, 315 F.Supp.2d 1261, 1272 (S.D. Fla. 2004) ("The law requires that the parties do more than just consent to jurisdiction in a particular forum without waiving jurisdiction in other forums" in order for a forum selection clause to be mandatory.). The plaintiff concedes that, but for the contract clause in issue, this court has jurisdiction over her claims. Motion at 4. The plain language of the agreement on which the plaintiff relies simply does not support her position that, by virtue of paragraph 20 of the subcontractor agreement, jurisdiction lies exclusively in the Maine Superior Court. *See also Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1345 (10th Cir. 1992) (waiver of statutory right to remove case from state to federal court must be clear and unequivocal).

In addition, the complaint asserts only the following substantive claims, none of which seeks enforcement of the agreement on which the plaintiff relies as the sole support for her motion for remand: violation of 42 U.S.C. § 2000e-5(c), violation of section 74(a) of the federal Civil Rights Act of 1964, violation of 5 M.R.S.A. § 4551 *et seq.*, defamation, invasion of privacy and false light publicity, negligent infliction of emotional distress and intentional infliction of emotional distress. Complaint at 8-21. The contract language on which the plaintiff relies refers only to enforcement of

the terms of the agreement, none of which is at issue by the terms of the plaintiff's complaint.  Even if the clause at issue were held to be ambiguous and thus to be construed against the defendant, the party that wrote the contract, *see Keaty*, 503 F.2d at 956-57, this fact alone would require denial of the plaintiff's motion for remand.

Because the contract language on which the plaintiff bases her motion for remand provides no support for her position, and because that language is the only basis proffered by the plaintiff for the motion, the motion should be denied.  Accordingly, I recommend that the motion be **DENIED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within ten (10) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 25th day of April, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge
