UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| TANJA GAVRILOVIC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil No. 05-CV-38-B-H |
| WORLDWIDE LANGUAGE ) | |
| RESOURCES, INC., ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDED DECISION ON BILL OF COSTS
& MOTION FOR ATTORNEY FEES**

Tanja Gavrilovic, who obtained a judgment against Worldwide Language Resources, her former employer, on her claims of sexual harassment and defamation, has filed a motion requesting an award of statutory attorney fees in the amount of $103,541.00 and has submitted a bill of costs requesting $10,162.65.  The court referred both petitions to me for recommendation. On November 30, 2006, I conducted a hearing on both matters. Following the hearing during an informal settlement conference I encouraged the parties to arrive at an agreement on the amount of fees and costs.  They have indicated agreement that Ms. Gavrilovic should recover a sum of $80,000.00 in fees and costs combined.[1]  Worldwide's arguments to the effect that Ms.

---

[1] Because Ms. Gavrilovic prevailed on her sexual harassment claim brought under Title VII and the Maine Human Rights Act, attorney fees are available to her pursuant to both federal and state law. See 42 U.S.C. § 2000e-5(k) ("In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . as part of the costs[.]"); 5 M.R.S.A. § 4614 ("In any civil action under this Act, the court, in its discretion, may allow the prevailing party . . . reasonable attorneys' fees and costs[.]"). Worldwide never contested Ms. Gavrilovic's entitlement to some award of fees.  Instead, it took issue with the amount requested and with various aspects of the attorneys' billing records.  I indicated to the parties during the hearing that my then-in-progress lodestar computation appeared likely to result in a fee award somewhere between $70,000 and $80,000. I regard the parties' recent agreement regarding the pending petitions to amount to a stipulation that such a fee award is reasonable, which has spared the Court the burden of completing a lodestar analysis.  I explained to the parties the

Gavrilovic cannot be regarded as a prevailing party in terms of the recovery of costs have not been addressed in the settlement. What remains for the Court's disposition is the question of how much of the $80,000 amount should be taxed in costs and how much awarded as fees. In its opposition to the bill of costs, Worldwide argued only that costs should be denied or reduced because Ms. Gavrilovic did not prevail on all her claims and received only a modest damages award and thereby did not qualify as a "prevailing party" any more than Worldwide did. Alternatively Worldwide suggested that the costs be divided between the two parties because both of them had prevailed to some degree. Worldwide did not challenge the reasonableness of any of Ms. Gavrilovic's costs nor did it argue that any of costs bore no relationship to the counts upon which Ms. Gavrilovic did obtain judgment. Having considered the arguments made by Worldwide, I recommend that the Court tax costs against Worldwide in the full amount requested and award attorney fees for the balance of the agreed upon amount. I am satisfied treating Ms. Gavrilovic as a prevailing party in these circumstances is a reasonable outcome, but not one that is likely to establish any precedent.

## Conclusion

For the reasons set forth above, I RECOMMEND that the Court GRANT the plaintiff's motion for attorney fees (docket no. 120) in the reduced amount of $69,837.35 and tax the defendant with costs (docket no. 119) in the amount of $10,162.65.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within ten (10) days of being served with a copy

---

process I intended to employ in formulating my recommendation and indicated certain calculations I had already completed.

2

thereof.  A responsive memorandum and any request for oral argument before the district judge shall be filed within ten (10) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.


/s/ Margaret J. Kravchuk
U.S. Magistrate Judge

Dated: December 12, 2006